O

# United States District Court
# Central District of California

| | |
|---|---|
| JEREMY HOLLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>LANKSHERMAN PLAZA, LLC; and DOES 1–10,<br><br>        Defendants. | Case № 2:20-cv-09672-ODW (JPRx)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [17]** |

## I.   INTRODUCTION

Plaintiff Jeremy Holland moves for entry of default judgment against Defendant Lanksherman Plaza, LLC ("Defendant"). (Mot. Default J. ("Motion" or "Mot."), ECF No. 17.) For the reasons discussed below, the Motion is **DENIED**.[1]

## II.   BACKGROUND

Holland is a California resident who requires the use of a wheelchair at all times when traveling in public. (Compl. ¶ 1, ECF No. 1.) He alleges that Defendant is the real property owner, business operator, lessor and/or lessee of the real property for a restaurant or liquor store ("Business") located at or about 7208 Lankershim Blvd.,

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

North Hollywood, California.[2] (Compl. ¶ 2.) Holland further alleges that when he attempted to enter the Business on two separate occasions, in May and June of 2020, he "encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business." (*Id.* ¶ 12.) Specifically, Holland alleges that Defendant failed to provide accessible parking because Defendant (a) failed to paint the ground as required, and (b) failed to provide access aisles with level surface slopes. (*Id.* ¶¶ 13, 23, 25.) Holland asserts these barriers denied him full and equal access to the Business and deter him from returning until they are removed. (*Id.* ¶ 14.)

On October 21, 2020, Holland filed this action asserting claims under Title III of the Americans with Disabilities Act ("ADA") and California state law. (*See generally id.*) On November 13, 2020, the Court declined to exercise supplemental jurisdiction over Holland's state law claims and dismissed them without prejudice. (Order Dismissing, ECF No. 13.) Holland served Defendant with the Summons and Complaint on January 22, 2021. (Proof of Service, ECF No. 14.) Defendant failed to answer or otherwise respond to the Complaint, and on February 22, 2021, Holland requested entry of default. (Req. Entry Default, ECF No. 15.) The Clerk entered default the same day. (Default, ECF No. 16.) Now, Holland moves for default judgment. (*See* Mot.)

### III. LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure 55 and Central District of California Local Rule 55–1. Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

---

[2] Holland refers to the Business as a "restaurant" in his Complaint and Motion and as a "liquor store" in his Declaration in Support of his Motion. (*See* Compl. ¶ 2; Mot. 1; Decl. Jeremy Holland ¶ 3, ECF No. 17-3.) In light of the Court's disposition, this inconsistency is immaterial.

Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Rather, the court considers the "*Eitel* factors" in exercising its discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

The second and third *Eitel* factors are dispositive here, so the Court begins with them. These two factors address the merits of the claims and the sufficiency of the complaint. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . or claims which are not well-pleaded, are not binding and cannot support the judgment."). Although well-pleaded allegations in the complaint are deemed admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388). Holland's claim fails to include necessary facts and is legally insufficient; therefore, default judgment is not appropriate. *See id.* at 1267–68.

Holland seeks injunctive relief under the ADA. (*See* Compl. ¶¶ 18–27.) To prevail on this claim, Holland must show, among other things, that "the existing

facility at the defendant's place of business or property presents an architectural barrier prohibited under the ADA." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (brackets omitted) (quoting *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)). "Architectural barriers" are defined by reference to the ADA Accessibility Guidelines (the "ADAAG"). *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Relevantly, a public accommodation need only provide accessible parking "*[w]here parking spaces are provided*." *See* 2010 ADAAG § 208.1 (emphasis added); *see also id.* § 208 (establishing accessibility requirements for parking spaces).

Here, Holland fails to establish the existence of architectural barriers at Defendant's property. Holland alleges two violations related to parking spaces without first establishing that Defendant provides parking to the public. (*See* Compl. ¶¶ 18–27.) As Holland does not sufficiently allege that Defendant provides public parking, he fails to establish that Defendant did not comply with the parking requirements of the ADAAG. *See Grigsby v. Tecomate Corp.*, No. 2:19-CV-08735-ODW (KSx), 2021 WL 134583, at *3 (C.D. Cal. Jan. 14, 2021) (finding the plaintiff failed to establish noncompliant parking because he did not demonstrate the defendant provided parking to its customers); *Langer v. Kacha*, No. 14-CV-2610-BAS (KSC), 2016 WL 524440, at *4 (S.D. Cal. Feb. 10, 2016) (finding the plaintiff failed to establish an ADA violation because he showed only that defendants had, in the past, temporarily provided parking, but not that they did so at the time of plaintiff's visit).

Further, most of Holland's Complaint follows a pattern of alleging violations that lack any factual support. The majority of the Complaint is just a recitation of various ADAAG or California Building Code ("CBC") provisions coupled with conclusions that a violation has occurred. For instance, in Holland's first alleged violation—inadequate paint on the ground—Holland lists several paint requirements for parking spaces, citing CBC § 11B-502.3.3, and alleges vaguely that "there were faded blue lines painted on the parking surface." (Compl. ¶¶ 22–23.) However, he

offers no authority that states faded paint is a violation. For Holland's second alleged violation—non-level surface slopes—Holland lists several provisions of the 1991 and 2010 ADAAG relating to parking spaces and access aisles and alleges vaguely that Defendant's "access aisles [we]re not level"; however, he fails to indicate what degree of slope is present at Defendant's property, despite acknowledging that the ADAAG permits a minimal slope. (*See id.* ¶ 25 (citing 2010 ADAAG § 502.4 Advisory ("Access aisles are required to be *nearly* level . . . .") (emphasis added)).)

In short, even accepting the well-pleaded factual allegations in the Complaint as true, Holland fails to state a claim under the ADA. *See Cripps*, 980 F.2d at 1267. As the second and third *Eitel* factors demonstrate default judgment is improper, the Court need not assess the remaining factors. *See Brooke v. Sunstone Von Karman, LLC*, No. 8:19-CV-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25, 2020). However, leave to amend is appropriate because Holland's failure to state a claim is based on insufficient allegations which could theoretically be cured. *See id.*

### V. CONCLUSION

In summary, Holland's Motion for Default Judgment and accompanying request for attorneys' fees are **DENIED**. (ECF No. 17.) The default previously entered against Defendant Lanksherman Plaza, LLC is hereby **SET ASIDE.** (ECF No. 16.) If Holland chooses to rectify the deficiencies identified herein, any amended complaint must be filed and served on Defendant within twenty-one (21) days of the date of this Order. Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

July 6, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**